IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re: ) | No. CV 05-2045-PHX-JAT |
| Michael Keith Schugg, dba Schuburg) Holsteins, ) | **ORDER** |
| Debtor. ) | BK No. 2-04-13226-PHX-GBN<br>BK No. 2-04-19091-PHX-GBN |
| In re: ) | ADV. No. 2-05-ap-00384-GBN |
| Debra Schugg, ) | |
| Debtor. ) | |
| G. Grant Lyon, in his capacity as Chapter) 11 Trustee of the bankruptcy estate of) Michael Keith Schugg and Debra Schugg;) Wells Fargo Bank, N.A., ) | |
| Plaintiffs, ) | |
| vs. ) | |
| Gila River Indian Community, ) | |
| Defendant. ) | |

Pending before the Court is Defendant's Motion to Dismiss (Doc. # 7 in 2:05-ap-00384-GBN). Plaintiff responded and Defendant replied. Pursuant to this Court's order, the parties submitted supplemental briefing on certain issues and the Court has considered those briefs as well.

The Trustee brought this adversary proceeding seeking to, *inter alia*, have the proof of claim filed by GRIC disallowed and to have certain rights regarding Section 16 and

the Murphy and Smith Enke roads declared. In its proof of claim, GRIC asserts aboriginal title to the land encompassing Section 16. GRIC moves to dismiss the adversary complaint on the basis that it has sovereign immunity and that the United States is an indispensable party who cannot be joined.

The Court quickly disposes of GRIC's first argument in favor of dismissal, that it enjoys sovereign immunity. The Trustee pointed out in its response, and the Court agrees, that GRIC waived any such immunity when it filed a proof of claim in the Debtor's bankruptcy.[1] *See* Bankruptcy Code § 106(b)(a "governmental unit that has filed a proof of claim in [a bankruptcy] case is deemed to have waived sovereign immunity with respect to a claim against such governmental unit that is property of the estate and arose out of the same transaction or occurrence out of which the claim of such governmental unit arose.")

GRIC claims that the Trustee seeks to extinguish its aboriginal title rights to Section 16 and that because only Congress can extinguish aboriginal title, the United States is an indispensable party to the proceeding. GRIC further argues that the United States has not consented to be sued in this action and that because this quiet title action involves "trust or restricted Indian lands" the consent to suit provision found in 28 U.S.C. § 2409(a) of the Quiet Title Act is inapplicable. Therefore, GRIC concludes that because the United States is an indispensable party that cannot be joined, the suit must be dismissed.

The Trustee also seeks a declaration of rights regarding two roads that lead to Section 16: Murphy and Smith Enke. It is undisputed that Section 16 is surrounded entirely by the Gila River Indian Reservation. Murphy Road is a federally maintained highway. The Trustee alleges the Smith-Enke Road pre-existed President Wilson's grant of the land to GRIC and that GRIC took that land subject to the Smith-Enke easement.

---

[1]The Court notes that GRIC did not address this issue in its reply brief.

- 2 -

1        The Court finds that Defendant has failed to meet its burden to show that the
2 United States is an indispensable party in this matter. The motion will therefore be denied
3 without prejudice to Defendant re-moving the Court to dismiss this action on a more
4 complete record. *See Dredge Corporation v. Penny*, 338 F.2d 456, 463-64 (9th Cir.
5 1964)(stating that dismissal for failure to join indispensable party is without prejudice
6 because it does not bar an action on the subject matter but "only operates to abate that
7 particular action" and therefore must be decided on a motion to dismiss.) Defendant asks this
8 Court to decide complex issues on a scant record. As counsel for the Trustee pointed out at
9 oral argument, Defendant, as the movant, bears the burden of proving that the United States
10 is an indispensable party and the Court finds that it has failed to do so at this juncture.

11        The Court finds that there are significant disputed issues regarding whether a
12 claim for aboriginal title even involves trust or restricted Indian land. *See* 25 C.F.R. §
13 151.2(d) (Indian Trust land means "land the title to which is held in trust by the United States
14 for an individual Indian or a tribe."); 25 C.F.R. § 151.2(e)(defining restricted land as "land
15 the title to which is held by an individual Indian or a tribe and which can only be alienated
16 or encumbered by the owner with the approval of the Secretary because of limitations
17 contained in the conveyance instrument pursuant to Federal law or because of a Federal law
18 directly imposing such limitations.") It is undisputed on this record that the federal
19 government conveyed Section 16 to the state of Arizona and that fact alone raises a disputed
20 issue of fact on whether the land is held in trust for GRIC. The Court fails to see the
21 applicability of *Metropolitan Water District of Southern California v. U.S.*, 830 F.2d 139,
22 143-44 (9th Cir. 1987) to this case because it involved a dispute about the boundaries of
23 reservation land. There is no claim by the Trustee to title of any land that has ever been

1 dedicated to the GRIC reservation.[2]  The Court further finds *Mashpee Tribe v. New Seabury
2 Corp.*, 427 F.Supp. 899 (D.Mass. 1977) inapposite because that court merely concluded, with
3 no analysis, that a land claim based on a tribe's asserted rights of possession involved "trust
4 or restricted Indian land" as defined by the Quiet Title Act.

5       Even assuming that a claim for aboriginal title fits under the definition of trust or
6 restricted Indian land, the Court finds that GRIC fails to make a colorable claim that Section
7 16 is trust or restricted Indian land.  GRIC is correct that the question of whether the
8 government has a colorable claim that lands are trust or restricted Indian lands "extends no
9 further than a determination that the government has some rationale and that its position was
10 not undertaken in either an arbitrary or frivolous manner." *Alaska v. Babbitt*, 182 F.3d 672,
11 675 (9th Cir. 1999).  However, the Court rejects GRIC's argument that its aboriginal title
12 claim is colorable merely because of the physical location of Section 16 within the external
13 boundaries of the reservation.

14       In addition, GRIC did nothing to refute the Trustee's argument that "as a matter
15 of federal law, it is well established that the validity of the deed or patent from the federal
16 government may not be questioned in a suit brought by a third party against the grantee or
17 patentee." *Raypath, Inc. v. City of Anchorage et. al.*, 544 F.2d 1019, 1021 (9th Cir. 1976).
18 A further basis for denying the motion is that the Trustee's complaint makes no request to
19 extinguish aboriginal title.  If this Court determined that aboriginal title existed, it is certainly
20 without jurisdiction to extinguish such rights.  GRIC cites no authority, however, for the
21 proposition that this Court lacks jurisdiction to interpret prior Indian claims litigation.
22 Therefore, even if the admonition found in *Edwardsen v. Morton*, 369 F.Supp. 1359, 1375
23 (D.D.C. 1973) that "it is clear that federal officers are obligated to protect aboriginal title

---

[2]The Trustee seeks a declaration of rights regarding use of the easements, but does not seek title to the easements.

- 4 -

1 lands against intrusion by third parties" means that aboriginal title lands are "trust" lands, 2 nothing in that case acts as a bar to this Court determining whether GRIC was previously 3 compensated for the extinguishment of its aboriginal rights or whether its claim suffers from 4 statute of limitations or laches problems.

5 The Court further finds that there are significant disputed issues regarding 6 whether adjudication by this Court of the scope of the pre-existing easement of the Smith-7 Enke Road and the scope of the federally maintained highway Murphy Road would impact 8 title to Indian lands. GRIC fails to allege that the Trustee seeks to use either of the existing 9 easements in a manner that exceeds or is inconsistent with their current use. It is unclear to 10 this Court how this suit would impact GRIC's title to the easements and therefore dismissal 11 is inappropriate at this juncture.

12 Finally, the Court notes the unique procedural posture of this case where GRIC 13 is a defendant strictly because the Debtor is in bankruptcy. As pointed out by GRIC at oral 14 argument and in its supplemental brief, there is an anomaly in the law which allows an Indian 15 or Indian tribe to sue without joining the United States, but prohibits a non-Indian plaintiff 16 from suing an Indian or Indian tribe without joining the United States. The fact of Debtor's 17 bankruptcy allowed GRIC to file a proof of claim to assert its aboriginal title rights instead 18 of bringing a lawsuit, as it did in front of Judge Carroll regarding Section 36. In filing a 19 proof of claim asserting sole legal and equitable title to the Debtor's single asset, GRIC had 20 to know that there would be an objection which could be litigated only as an adversary 21 proceeding with GRIC named as the defendant. This is the procedural posture even though 22 GRIC really stands in the shoes of a plaintiff because it first sought relief in the bankruptcy 23 court and ultimately bears the burden of persuasion on its proof of claim.

24 This bankruptcy case was filed in July 2004. GRIC waited until the claims bar 25 date almost a year later to file its proof of claim asserting an ownership interest in Section 26 16. Clearly, based on its arguments in the Motion to Dismiss, it believed that its proof of

27

1 claim could not be adjudicated in the bankruptcy court. It is unclear to this Court why if
2 GRIC believed that the Trustee would be unable to adjudicate the claim, it chose to file a
3 proof of claim instead of moving for relief from the automatic stay so that it could pursue its
4 aboriginal title claim before this Court as the plaintiff. Certainly, GRIC cannot take the
5 position that because it believes the Trustee cannot adjudicate the claim that its claim should
6 be automatically allowed.

7 We are almost two years into a bankruptcy case that is at a standstill because of
8 GRIC's position that it is entitled to file a proof of claim that it then contests the jurisdiction
9 of the bankruptcy court to adjudicate. If the Court found that the United States was an
10 indispensable party, the only way this bankruptcy case could be resolved would be for GRIC,
11 apparently on its own timetable, to seek automatic stay relief and bring an action, again
12 before this same Court, seeking to resolve its claims. The net effect of this litigation tactic
13 is to delay resolution of this bankruptcy case where it is undisputed that the Debtor is
14 experiencing cash collateral issues with its secured creditor. The Court notes that a
15 significant justification by the Trustee in agreeing to sell Section 16 to GRIC is the inability
16 of the estate to fund protracted litigation against the Tribe. The Court admonished at the
17 hearing on the Debtor's Emergency Motion for Stay that delay tactics will not be tolerated
18 and that admonition is repeated here.

19 The Motion to Dismiss is denied and Defendant is ordered to answer within five
20 days. An order setting a Rule 16 Scheduling Conference shall follow. The parties are
21 forewarned that although this case is on a Standard Track, the Court will impose deadlines
22 to expeditiously resolve this adversary proceeding.

23 ///
24 ///
25 ///
26 ///
27

Accordingly,

**IT IS ORDERED** that Defendant's Motion to Dismiss (Doc. # 7 in 2:05-ap-00384-GBN) is **DENIED**;

**IT IS FURTHER ORDERED** that Defendant shall answer within five days.

DATED this 9th day of March, 2006.

_____
James A. Teilborg
United States District Judge