1  **WO**

2

3

4

5

6

7                    IN THE UNITED STATES DISTRICT COURT

8                       FOR THE DISTRICT OF ARIZONA

9

10  In re:                                    )    No. CV 05-2045-PHX-JAT
                                             )
11  Michael Keith Schugg, dba Schuburg)       **ORDER**
    Holsteins,                               )
12                                           )    BK No. 2-04-13226-PHX-GBN
             Debtor.                         )    BK No. 2-04-19091-PHX-GBN
13  _____ )
    In re:                                    )    ADV. No. 2-05-ap-00384-GBN
14                                           )
    Debra Schugg,                            )
15                                           )
             Debtor.                         )
16  _____ )
                                             )
17  G. Grant Lyon, in his capacity as Chapter)
    11 Trustee of the bankruptcy estate of)
18  Michael Keith Schugg and Debra Schugg;)
    Wells Fargo Bank, N.A.,                   )
19                                           )
             Plaintiffs,                      )
20                                           )
    vs.                                       )
21                                           )
    Gila River Indian Community,             )
22                                           )
             Defendant.                       )
23  _____ )

24         Pending before the Court is Gila River Indian Community's Motion for Rule 54

25  Certification of Partial Summary Judgment and For a Stay of the Remaining Claims Pending

26  Appeal (Doc. # 188).  The Gila River Indian Community ("GRIC") moves the Court to

27  certify as immediately appealable the May 24, 2007, partial summary judgment on aboriginal

28  title.  GRIC also requests that the Court stay the remaining claims pending the appeal.

In the May 24, 2007, Order, the Court held that GRIC's aboriginal title to Section 16 was extinguished.  In addition, the Court concluded that the remaining claims of legal right of access to Section 16, zoning authority over Section 16 and trespass were not ripe for summary adjudication.  The remaining claims are set for a bench trial on September 11, 2007.

Rule 54(b) of the Federal Rules of Civil Procedure provides:

> When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment.

As the Supreme Court instructs:

> A district court must first determine that it is dealing with a "final judgment."  It must be a "judgment" in the sense that it is a decision upon a cognizable claim for relief, and it must be "final" in the sense that it is "an ultimate disposition of an individual claim entered in the course of a multiple claims action."

> Once having found finality, the district court must go on to determine whether there is any just reason for delay.  Not all final judgments on individual claims should be immediately appealable, even if they are in some sense separable from the remaining unresolved claims.  The function of the district court under the Rule is to act as a "dispatcher."  It is left to the sound judicial discretion of the district court to determine the "appropriate time" when each final decision in a multiple claims action is ready for appeal.  This discretion is to be exercised "in the interest of sound judicial administration."

> Thus, in deciding whether there are no just reasons to delay the appeal of individual final judgments . . . a district court must take into account judicial administrative interests as well as the equities involved.  Consideration of the former is necessary to assure that application of the Rule effectively "preserves the historic federal policy against piecemeal appeals."

*Curtiss-Wright Corp. v. General Electric Co.*, 446 U.S. 1, 7-8 (1980) (citations omitted).

While the May 24, 2007, partial summary judgment may be a final judgment as contemplated by Rule 54(b), the Court finds that GRIC has failed to show there is no just reason for delaying an appeal of the aboriginal title decision.  GRIC argues that a denial of

the Rule 54(b) certification, and the progression of the trial on the remaining claims, risks the expense of a second trial if the Ninth Circuit reverses and remands on the aboriginal title issue.  The Court finds that such a risk does not outweigh the interest in the timely resolution of the remaining claims and the avoidance of piecemeal appeals.  Trial of the remaining claims is less than two months away.  A stay thereof will delay resolution of the remaining claims by years and, by the mere passage of time alone, will increase the complexity and expense of litigating the remaining claims at the trial court level.  Further, granting certification will create two separate appeal tracks and will increase the complexity and expense of this litigation at the appellate level.  Instead of certifying as immediately appealable the May 23, 2007, partial summary judgment, as the Trustee states, "in just two months this Court will hear all remaining issues of fact and law and there would be, at most, a *single* appeal to the Ninth Circuit and a *single* remand to this Court for further proceedings."  Doc. # 193, pp. 4-10.

For the foregoing reasons,

**IT IS ORDERED** that Gila River Indian Community's Motion for Rule 54 Certification of Partial Summary Judgment and For a Stay of the Remaining Claims Pending Appeal (Doc. # 188) is DENIED.

DATED this 31st day of July, 2007.

James A. Teilborg
United States District Judge