**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re:<br><br>Michael Keith Schugg, dba Schuburg Holsteins,<br><br>   Debtor.<br>_____<br>In re:<br><br>Debra Schugg,<br><br>   Debtor.<br>_____<br><br>G. Grant Lyon, in his capacity as Chapter 11 Trustee of the bankruptcy estate of Michael Keith Schugg and Debra Schugg; Wells Fargo Bank, N.A.,<br><br>   Plaintiffs,<br><br>vs.<br><br>Gila River Indian Community,<br><br>   Defendant.<br>_____ | No. CV 05-2045-PHX-JAT<br><br>**ORDER**<br><br>BK No. 2-04-13226-PHX-GBN<br>BK No. 2-04-19091-PHX-GBN<br><br>ADV. No. 2-05-ap-00384-GBN |

Pending before this Court is Gila River Indian Community's motion to stay the taxation of costs order.[1] The Community argues that the taxation of costs order should be stayed pending the resolution of the appeals. The Trustee responds and argues that a judgment on the award of costs should be entered immediately so that the Trustee can earn

---

[1] The Clerk of the Court taxed costs on May 13, 2008.

interest on that judgment.[2]  Presumably, once such judgment is entered, the Trustee could also start collection efforts, *see* Fed. R. Civ. Pro. 62(a), unless execution was stayed, *see* Fed. R. Civ. Pro. 62(d).  However, the Trustee asserts that he does not intend to start collection efforts, he merely wants an immediate judgment for interest purposes.

Local Rule Civil 54.1(b) states: "In the absence of objection, any item listed may be taxed in the discretion of the Clerk.  The Clerk shall thereupon docket and include the costs in the judgment."  In this case, there was an objection to the Bill of Costs.  Thus, this case is taken out of the language of the Local Rule that calls for an automatic amendment of the judgment to include the costs taxed.

Although there was an objection to the Bill of Costs, there was not an appeal of the taxation order to the District Court.  Therefore, the taxation order is "final." *See id.* ("The taxation of costs thus made shall be final unless modified on review by the Court on motion served within five (5) days thereafter.") The Local Rules are silent as to what occurs when a taxation order on a bill of costs to which there was an objection becomes final.

Federal Rule of Civil Procedure 54 says: "'Judgment' as used in these rules includes a decree and <u>any other order</u> from which an appeal lies" (emphasis added).  "Judgments for costs may be immediately appealed as final judgments, entered after the judgment on the merits, or as <u>collateral orders</u>." Wright, Miller and Kane, *Federal Practice and Procedure: Civil 3d* § 2679 at 489 (1998) (emphasis added).

> In *Cohen v. Beneficial Industrial Loan Corp.* the Supreme Court announced an expansive interpretation of the finality requirement in 28 U.S.C.A. § 1291 that has come to be known as the "collateral order" doctrine.  Appeals are allowed from orders characterized as final under this doctrine even though it may be clear that they do not terminate the action or any part of it.  The only finality required is that the district court have made its final determination of the matter in question.

Wright, Miller and Cooper, *Federal Practice and Procedure: Jurisdiction 2d* § 3911 (1992) [footnote omitted].

---

[2] At least one court has held that interest accrues on taxed costs from the date of the original judgment. *See Georgia Assoc. of Retarded Citizens v. McDaniel*, 855 F.2d 794, 799 (11th Cir. 1988).

Taking these rules together, the Court finds that when the Clerk's order taxing costs became "final" under the Civil Local Rules,[3] it also became collateral order which was immediately appealable to the Court of Appeals. Because a collateral order is an "other order from which an appeal lies" it is effectively a judgment as the term is used in Federal Rule of Civil Procedure 54.

Thus, given that the taxation of costs order has effectively become a judgment, it can be executed on by the Trustee. However, the Community is arguing that, although no appeal of the taxation of costs order on the merits has been taken to the Court of Appeals, effectively the right to the taxation of costs has been appealed to the Court of Appeals by the taking of an appeal on the judgment on which the taxation is premised. This Court agrees that the award of costs is effectively on appeal because the underlying judgment is on appeal. *See Amarel v. Connell*, 102 F.3d 1494, 1523 (9th Cir. 1996). Thus, because the taxation of costs order is effectively on appeal, execution of that judgment is governed by Federal Rule of Civil Procedure 62(d). Rule 62(d) says that a stay of execution of a judgment on appeal can be obtained only by posting an appropriate bond. Thus, the motion to stay the taxation order will be denied without prejudice to the Community posting a bond to stay execution.

Accordingly,

IT IS ORDERED that the Motion to Stay the Taxation of Costs Order Pending Resolution of the Parties' Appeals (Doc. #299) is denied, however, execution on the taxation of costs order is stayed for 10 days from the date of this order to permit compliance with Federal Rule of Civil Procedure 62(d) if the Community so chooses.

DATED this 24th day of November, 2008.

James A. Teilborg
United States District Judge

---

[3] The taxation order became final when no appeal was taken to the district court within the five day time limit.