1    WO

2

3

4

5

6                    IN THE UNITED STATES DISTRICT COURT

7                       FOR THE DISTRICT OF ARIZONA

8

9    In re:                                    No. CV-05-02045-PHX-JAT

10   Michael Keith Schugg, dba Schuburg       **ORDER**
     Holsteins,

11                   Debtor,                   BK No. 2-04-13226-PHX-GBN
                                               BK No. 2-04-19091-PHX-GBN
12   In re:                                    ADV. No. 2-05-ap-00384-GBN

13   Debra Schugg,

14                   Debtor,

15   G. Grant Lyon in his capacity as Chapter 11
16   Trustee of the bankruptcy estate of Michael
     Keith Schugg and Debra Schugg; Wells
17   Fargo Bank,

18                   Plaintiffs,

19   v.

20   Gila River Indian Community,

21                   Defendant.

22

23          Pending before the Court is Diana L. Lomahquahu's, Beverly Sunna

24   Lomadofkie's, Ulanda C. Apodaca's, Muriel R. Jackson's, Alvin Jackson's, Laverne

25   Thomas', Carol M. Thomas', Pete Lopez's, Jimmy Lopez's, and Manuel Apodaca Lopez,

26   Jr.'s (collectively, the "Property Owners'") Motion to Intervene pursuant to Federal Rule

27   of Civil Procedure 24(a), or alternatively, 24(b).  (Doc. 359).

28

## I.   BACKGROUND

This case, transferred to the this Court in 2005, was originally filed by G. Grant Lyon acting solely in his capacity as Chapter 11 Trustee of the bankruptcy estate of Michael Keith Schugg and Debra Schugg (the "Trustee").   The Defendant/Counter-Plaintiff Gila River Indian Community ("GRIC") is a federally recognized Indian Community organized under Section 16 of the Indian Reorganization Act, 25 U.S.C. § 461, *et seq*.   GRIC is based on the Gila River Indian Reservation (the "Reservation"), which consists of approximately 372,000 acres in south-central Arizona, and includes members of the federally-recognized Akmil O'odham ("Pima") and Peeposh ("Maricopa") Tribes.   The case centers around a 657-acre parcel of land located entirely within the boundaries of the Reservation ("Section 16").

In a 2007 bench trial, this Court held that the owners of Section 16 have implied easements along Smith-Enke Road and Murphy Road to access Section 16.   In its May 25, 2012 Order, the Court further concluded that the issue of the scope of the easements was now ripe.   In a July 24, 2012 Joint Proposed Case Management Plan, the Trustee and GRIC explained their positions on the scope of the easement.   (Doc. 336 at 2-3). Currently, the Trustee seeks a declaration that the scope of the easement allows the owners of Section 16 to: "(1) pave the Smith-Enke and Murphy easements, at a width that is reasonably necessary to support development of Section 16 at one home per 1.25 acres; and (2) install utility lines along the Smith-Enke and Murphy easements, as reasonably necessary to support the development of Section 16 at one home per 1.25 acres."   *Id.* at 2-3.   In response, GRIC asserts that: "the improvements or expansions of the easements sought by the Trustee are well outside of the scope of the implied easements and, as a matter of law, cannot be made without the consent of the Community and the individual tribal members owning affected allotments."   *Id.* at 3.

The Property Owners are individual members of GRIC.   Together, the Property Owners have ownership interests in at least eleven separate allotted parcels which

directly abut Murphy Road and have additional property interests in nearby parcels. (Doc. 359 at 4). The Property Owners are attempting to intervene in this case to oppose "an expansion of the implied easement beyond its historical use." *Id.*

## II.   ANALYSIS

The Property Owners argue that they should be permitted to intervene under both Federal Rule of Civil Procedure 24(a), intervention as a matter of right, and Federal Rule of Civil Procedure 24(b), permissive intervention. The Court will address each of these arguments in turn.

### A.   INTERVENTION AS OF RIGHT

Federal Rule of Civil Procedure 24(a) states:

> On timely motion, the court must permit anyone to intervene who . . . claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

Fed. R. Civ. P. 24(a)(2). To be entitled to intervention as of right, the applicant must show that: "(1) the application for intervention is timely; (2) the applicant has a 'significantly protectable' interest relating to the property or transaction that is the subject of the action; (3) the disposition of the action may, as a practical matter, impair or impede the applicant's ability to protect its interest; and (4) the existing parties do not adequately represent the applicant's interest." *League of United Latin Am. Citizens* (*LULAC*) *v. Wilson*, 131 F.3d 1297, 1302 (9th Cir. 1997) (citing *Nw. Forest Res. Council v. Glickman*, 82 F.3d 825, 836 (9th Cir. 1996)). "[T]he applicant bears the burden of showing that each of the four elements is met." *Freedom from Religion Found., Inc. v. Geithner*, 644 F.3d 836, 841 (9th Cir. 2011). Further, "[f]ailure to satisfy any one of the requirements is fatal to the application." *Id.* The Property Owners' Motion to Intervene fails to satisfy the requirements in two ways. First, the Motion to Intervene is untimely,

- 3 -

1  and, second, GRIC adequately represents the Property Owners' interests.

2  **1.   TIMELINESS**

3  To determine whether a Motion to Intervene is timely, the Court must consider:

4  "(1) the stage of the proceeding at which an applicant seeks intervention; (2) the

5  prejudice to the other parties; and (3) the reason for and length of delay." *LULAC*, 131

6  F.3d at 1302. The Property Owners argue that they satisfy the first two elements because

7  they sought to intervene during discovery, and, accordingly, there is no prejudice to the

8  Trustee. (Doc. 359 at 5).

9  The Trustee asserts that, although the Property Owners technically filed their

10 Motion to Intervene during discovery, the discovery deadline was three weeks away and

11 discovery will have ended before the Court decides the Motion to Intervene. The Trustee

12 argues that he will be prejudiced by the intervention because the discovery deadline will

13 have passed before he had any opportunity to obtain discovery from the Property Owners.

14 In response, the Property Owners contend that any prejudice can be cured by an

15 extension of the discovery deadline.

16 Turning to the third element, the reason for and length of delay, the Trustee asserts

17 that the length of delay weighs against granting the Motion to Intervene. The Trustee

18 argues that the Motion to Intervene was filed eight years after the lawsuit was originally

19 filed and over one year after the Court determined that the scope of the easements was

20 ripe. In response, the Property Owners contend that they were unaware of the extent of

21 the expansion of the easement sought by the Trustee until the filing of the Trustee's

22 expert reports. The Trustee's first applicable expert report was filed approximately three

23 months before the Property Owners' Motion to Intervene. This, the Property Owners

24 contend, adequately explains any delay in their filing. The Property Owners do not point

25 to any specific information in the expert reports that was new or surprising.

26 On the balance, the Property Owners' somewhat brief explanation for delay is not

27 enough to outweigh the length of the delay, the filing of the Motion to Intervene late in

- 4 -

1    discovery, and the prejudice to the Trustee of either seeking an untimely extension of the

2    discovery deadline or being left without discovery as to the Property Owners' position in

3    this case.   The Property Owners' stated objective is to oppose "an expansion of the

4    implied easement beyond its historical use." (Doc. 359 at 4).  It has been clear since the

5    beginning of this case that the Trustee intended to expand the easement "beyond its

6    historical use," as the Trustee hoped to develop Section 16 into a housing development.

7    Further, the Trustee made this clear in the Joint Proposed Case Management Plan filed

8    over eleven months before the Motion to Intervene was filed.[1]   Accordingly, Property

9    Owners' excuse for delay is unpersuasive and the Motion to Intervene untimely.

## 2.    ADEQUACY OF REPRESENTATION

11          "Where the party and the proposed intervenor share the same ultimate objective, a

12   presumption of adequacy of representation applies.  *Freedom from Religion Found., Inc.*,

13   644 F.3d at 841 (internal quotations and citations omitted).   "Such presumption can be

14   rebutted only by a compelling showing to the contrary."   *Id.* (internal quotations and

15   citations omitted).  Here, GRIC's ultimate objective is to show that "the improvements or

16   expansions of the easements sought by the Trustee are well outside of the scope of the

17   implied easements and, as a matter of law, cannot be made without the consent of the

18   Community and the individual tribal members owning affected allotments." (Doc. 336 at

19   3).  The Property Owners' stated objective is to oppose "an expansion of the implied

20   easement beyond its historical use." (Doc. 359 at 4).  GRIC argues that the individual

21   tribe members whose lands are affected must consent to any improvements or expansions

22   to the easements.  Thus, as the Property Owners are the individual tribe members that

23   GRIC seeks to protect, the Property Owners and GRIC share an ultimate objective, and

24

25   _____

26          [1] The Joint Proposed Case Management Plan states that the Trustee wishes to "(1)
     pave the Smith-Enke and Murphy easements, at a width that is reasonably necessary to
27   support development of Section 16 at one home per 1.25 acres; and (2) install utility lines
     along the Smith-Enke and Murphy easements, as reasonably necessary to support the
28   development of Section 16 at one home per 1.25 acres." (Doc. 336 at 2-3).

the presumption that GRIC adequately protects the Property Owners' interests applies.

The Property Owners' speculation that GRIC may be inclined to settle the litigation in some way that reduces litigation costs while impairing the Property Owners' rights fails to rebut the presumption.  This speculation does not constitute "a compelling showing" that GRIC's and the Property Owners' interests do not align.  Accordingly, GRIC adequately represents the Property Owners' interest in this case.

### B.  PERMISSIVE INTERVENTION

Federal Rule of Civil Procedure 24(b) states, "[o]n timely motion, the court may permit anyone to intervene who . . . has a claim or defense that shares with the main action a common question of law or fact."  Fed. R. Civ. P. 24(b)(1).  An applicant seeking permissive intervention must show that: (1) the applicant's claim or defense shares a common question of law or fact with the main action; (2) the applicant's motion is timely; and (3) the court has an independent basis for jurisdiction over the applicant's claims.  *LULAC*, 131 F.3d at 1308.

Timeliness is a threshold requirement.  *Id.*  To determine whether a Motion to Intervene is timely, the Court considers the same three factors: (1) the stage of the proceeding at which an applicant seeks intervention; (2) the prejudice to the other parties; and (3) the reason for and length of delay.  *Id.*  Although the factors are the same as intervention as a matter of right, the Court analyzes the timeliness requirement more strictly than under intervention as of right.  *Id.*  Accordingly, because the Property Owners' Motion to Intervene is not timely for the purpose of intervention as of right, it is also not timely when considered for permissive intervention.  Because the Property Owners do not satisfy the threshold requirements for permissive intervention, the Property Owners' Motion to Intervene under Rule 24(b) is denied.

/ / /

/ / /

/ / /

/ /

1    **III.    CONCLUSION**

2          Based on the foregoing,

3          **IT IS ORDERED** that the Property Owners' Motion to Intervene (Doc. 359) is

4    denied.

5          Dated this 21st day of October, 2013.

6

7

8                                               _____
9                                                       James A. Teilborg
10                                               Senior United States District Judge

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28